# Order

Michigan Supreme Court
Lansing, Michigan

December 21, 2016

153699-700

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen,
Justices

DONALD SCHWARCK, Personal Representative
of the Estate of KAREN IRENE SCHWARCK,
Deceased,
        Plaintiff-Appellee,

v

        SC: 153699
        COA: 322696
        Mackinac CC: 12-007341-NP

ARCTIC CAT, INC.,
        Defendant-Appellant,
and

RENTAL EXPRESS, INC.,
        Defendant,
and

T & RC COMPANY d/b/a INDIAN RIVER
SPORTS CENTER,
        Defendant.

_____/

JOSHUA BONNO, Personal Representative of
the Estate of EDITH BONNO, Deceased,
        Plaintiff-Appellee,

v

        SC: 153700
        COA: 325439
        Mackinac CC: 12-007349-NP

ARCTIC CAT, INC.,
        Defendant-Appellant,
and

RENTAL EXPRESS, INC.,
        Defendant,
and

T & RC COMPANY d/b/a INDIAN RIVER
SPORTS CENTER,
        Defendant,

and

DONALD SCHWARCK, Personal Representative
of the Estate of KAREN IRENE SCHWARCK,
Deceased,
            Defendant.

_____/

On order of the Court, the application for leave to appeal the January 14, 2016 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court prior to the completion of the proceedings ordered by the Court of Appeals.

MARKMAN, J. (*dissenting*.)

I would grant leave to appeal in light of the Court of Appeals dissent to assess whether that court erred by vacating the trial court's grant of summary disposition. Although a close call in certain respects, I am concerned nonetheless that the Court of Appeals may have misconstrued aspects of the deposition testimonies of both plaintiffs' reconstruction expert and the fire chief and thereby engaged in excessive speculation concerning the chain of events leading to the tragic accident in this case.

ZAHRA, J. (*dissenting*.)

I would grant leave to appeal to consider whether the Court of Appeals majority erred by finding a genuine issue of material fact regarding causation with respect to plaintiffs' products liability claim. While undeniably a tragic accident, I tend to agree with the trial court and the Court of Appeals dissent, which both found plaintiffs' theory of causation speculative. Plaintiffs may show causation circumstantially, but evidence "must facilitate reasonable inferences of causation, not mere speculation." *Skinner v Square D Co*, 445 Mich 153, 163-164 (1994). It is not "sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory." *Id.* at 164. The gravamen of plaintiffs' causation theory is that the gear shift was in "silent reverse" mode. Plaintiffs' theory is a possibility, but no more probable than other contemplated theories. Consequently, I question whether the majority correctly concluded that plaintiffs established a genuine issue of material fact regarding causation.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 21, 2016 _____

t1220


                    Clerk